UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                    Civil No. 17-cv-075-JL

City of Manchester, New Hampshire


**REPORT AND RECOMMENDATION**

Before this magistrate judge for consideration are plaintiff Sanjeev Lath's second amended complaint (Doc. No. 4) and Lath's motion for writs of attachment (Doc. No. 5). For the reasons that follow, the second amended complaint should be dismissed without prejudice and the motion for writs of attachment should be denied without prejudice.

**Background**

This case originated in December of 2015, with a complaint that Lath filed in the Hillsborough County Superior Court ("HCSC"). In that forum, Lath sued the City of Manchester, New Hampshire ("City"). He asserted claims arising out of the manner in which officers of the Manchester Police Department responded to an incident that occurred at the Oak Brook Condominium ("Oak Brook"), where he is a unit owner. In a March 14, 2016, order granting in part and denying in part defendant's motion to dismiss, the HCSC ruled that Lath had stated state-law

claims for trespass and invasion of privacy.  Thereafter, the case was stayed for several months.

On February 16, 2017, after the stay was lifted, Lath filed an assented-to motion to amend his complaint in the HCSC, which that court granted on February 21, 2017.  Like Lath's original complaint, his amended complaint asserted claims against a single defendant, the City of Manchester.  Lath's claims against the City in his amended complaint include a federal constitutional claim brought under the aegis of 42 U.S.C. § 1983.  On the day the HCSC granted the motion to amend, the City removed this action to this court.

On March 13, 2017, Lath filed, in this court, "Plaintiff's Second Amended Complaint as a Matter of Right" (Doc. No. 4).  In his second amended complaint, Lath asserts four claims against the City and four claims against two new defendants, Cynthia and Michael Camp.  The Camps are former Oak Brook neighbors who were involved in the incident that gave rise to Lath's initial claims against the City.  Lath served his second amended complaint on the City.  But, while he filed two "proposed summonses" for the Camps with his second amended complaint, those summonses have not been served.

On the same day that Lath filed his second amended complaint, he also filed a "Motion for Pre-Judgment Attachment

and Request for Issuance of Writ of Attachment" (Doc. No. 5). To that motion, he has attached a proposed notice of his intent to attach property belonging to each of the Camps, but that notice has not been served. He also attached proposed writs of attachment, identifying two parcels of real estate in York County, Maine, as the property, or the loci of the property, he seeks to attach.

## Discussion

### I. Second Amended Complaint

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Where plaintiff seeks to amend his complaint a second time, however, Rule 15(a)(2) allows him to do so only with the consent of the defendant(s) or with leave of court. Here, plaintiff did not seek leave of court to file his second amended complaint, and nothing in the record indicates that his second amended complaint was filed with the consent of the City. Accordingly,

this court recommends that the district judge dismiss the second amended complaint, without prejudice to Lath's ability to file a motion amend his complaint that complies with Fed. R. Civ. P. 15 and LR 15.1.

II. **Motion for Writs of Attachment**

The Federal Rules of Civil Procedure ("Federal Rules"), provide that

> [a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Fed. R. Civ. P. 64(a). In New Hampshire, the remedy Lath seeks, pre-judgment attachment, is governed by N.H. Rev. Stat. ("RSA") § 511-A. Under that statute,

> [i]n civil actions in which pre-judgment attachment is authorized, except as otherwise provided in replevin actions, a defendant shall be given notice and an opportunity for a preliminary hearing before any pre-judgment attachment . . . shall be made.

RSA § 511-A:1. The statute goes on to describe the contents of the notice that must "be served <u>on the defendant</u> and . . . simultaneously filed with the court." RSA § 511-A:2 (emphasis added).

The problem here is that the persons whose property Lath seeks to attach, the two Camps, are not defendants in this case. Because Lath seek to attach the property of persons who are not

4

parties to this action, his motion should be denied, without prejudice to his ability to properly seek such an attachment should the Camps become defendants in this case in the future.

## Conclusion

For the foregoing reasons, the district judge should dismiss the second amended complaint (Doc. No. 4) without prejudice, and deny the motion for writs of attachment (Doc. No. 5) without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

May 9, 2017

cc: Sanjeev Lath, pro se
    Robert J. Meagher, Esq.