UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                     Civil No. 17-cv-75-JL
                                              Opinion No. 2018 DNH 099

City of Manchester, et al.

**MEMORANDUM ORDER**

Pro se plaintiff Sanjeev Lath alleges that two Manchester Police Department officers illegally entered his property when responding to a 911 call. Lath brings a federal claim against the City of Manchester under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights (Count 1), and state-law claims against the City for common-law trespass (Count 2) and negligent failure to preserve recordings of the 911 call (Count 3).[1] Lath also has state-law claims pending against Cynthia and Michael Camp.[2]

---

[1] The operative complaint in this case is Lath's First Amended Complaint (doc. no. 16-1), as narrowed by Magistrate Judge Johnstone in her October 4, 2017 Report and Recommendation (doc. no. 30) (Johnstone, M.J.). See also Nov. 7, 2017 Order (approving October 4, 2017 Report and recommendation)(doc. no. 31). Per that Report and Recommendation, this action comprises five counts, including the three against the City addressed in this Memorandum Order. See Oct. 4, 2017 Report and Recommendation (doc. no. 30) at 20-21.

[2] The Camps moved to dismiss these claims. See doc. no. 46. In a recent Memorandum Order, the court denied that motion,

In light of Lath's § 1983 claim, the court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). The City moves for judgment on the pleadings on Counts 1 and 3. See Fed. R. Civ. P. 12(c).

As the pleadings are not closed, the court construes the City's motion as a motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The court grants the motion as to Count 1, concluding that Lath has failed to allege that the officers' conduct was the result of a City policy or custom. As Count 1 is the only federal claim pending in this action, the court declines supplemental jurisdiction over the remaining state-law claims against the City, and accordingly dismisses them without prejudice.

The court declines to dismiss Lath's state-law claims against Cynthia and Michael Camp. With the City no longer a party, Lath has alleged facts in his First Amended Complaint that, when taken at face value, confer diversity jurisdiction over those claims. However, as the court has an independent obligation to ensure that there is a substantive basis for subject-matter jurisdiction, the court directs Lath show cause,

---

concluding that Lath had minimally pleaded his state-law claims against the Camps. See 2018 DNH 098.

within 30 days of the date of this Memorandum Order, that the amount in controversy between he and the Camps actually exceeds $75,000. See 28 U.S.C. § 1332(a).

I.  **Applicable legal standard**

Under Rule 12(c), a party may move for judgment on the pleadings "after the pleadings are closed — but early enough not to delay trial . . . ." For Rule 12(c) purposes, pleadings are "closed" once the defendant has filed its answer. Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 42 n. 3 (1st Cir. 2017). As the City filed its present motion in lieu of filing an answer to Lath's First Amended Complaint, the pleadings are not closed with respect to Lath's claims against the City. The court accordingly interprets the City's motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Laura v. Great Lakes Higher Education Guar. Corp., 2018 DNH 023, 7 n. 17. This does not significantly alter the court's analysis, however, as "the two motions are ordinarily accorded much the same treatment . . . ." Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006).

"A pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must

3

include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015). In ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in the plaintiff's favor. See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). In light of Lath's pro se status, the court liberally construes his pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## II.  **Background**[3]

On November 22, 2015, Lath was entering his residence with his friend, Barbara Belware, when Cynthia Camp called 911 and falsely reported that Lath had kicked a door.[4] Two Manchester Police Department officers responded to the call.[5] The officers knocked on the door of Lath's unit.[6] As Lath opened the door, one of the officers stepped inside Lath's unit.[7] Lath asked the

---

[3] The court gleans the facts in this section from Lath's First Amended Complaint (doc. no. 16-1).

[4] First Amend. Compl. (doc. no. 16-1) ¶ 13.

[5] Id. ¶ 15.

[6] Id.

[7] Id. ¶ 16.

4

officer to leave his unit several times, but each time the officer refused.[8]

While inside Lath's unit, the officer demanded that Lath remove his shoe and provide it to the officer.[9] In response, Lath asserted his Fourth Amendment right to be free from unreasonable searches and seizures.[10] The officer informed Lath that he would break down Lath's door if he had to return with a warrant to seize Lath's shoe.[11]

### III. Analysis

#### A. Section 1983 claim

In Count 1, Lath brings a claim against the City under § 1983, alleging that the officers' actions violated his Fourth Amendment rights. The City contends that this claim must be dismissed because Lath fails to allege that the officers' conduct was caused by a municipal policy or custom, as required by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). The court agrees.

A municipality can only be held liable under § 1983 for constitutional violations committed by its employees "if the

---

[8] Id.

[9] Id. ¶ 17.

[10] Id. ¶ 18.

[11] Id. ¶ 19.

violation occurs pursuant to an official policy or custom." Welch v. Ciampa, 542 F.3d 927, 941 (1st Cir. 2008) (citing Monell, 436 U.S. at 694). For a municipality to be held liable, a plaintiff's injury must result "from either an officially sanctioned policy or from a custom or practice that is so well-settled and widespread that the policymaking officials can be said to have either actual or constructive knowledge of it yet did nothing to end the practice." Wood v. Hancock Cty. Sheriff's Dep't, 354 F.3d 57, 64 (1st Cir. 2003) (ellipsis, internal quotation marks, and citation omitted). Thus, a plaintiff must show that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (emphasis and citation omitted).

Here, Lath has not alleged that the officers were acting pursuant to a City policy or custom when they responded to the call on November 22, 2015. Indeed, Lath makes no mention of a policy or custom (or alleges facts from which such a policy or custom could be inferred) anywhere in his First Amended Complaint. As such, Lath has failed to allege a claim against the City under § 1983. See Massó-Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469 (1st Cir. 2017) (a plaintiff must adequately allege a municipal policy or custom in order to survive a Rule 12(b)(6) motion).

Lath raises a litany of arguments in his objection to the City's motion. First, Lath relies on York v. Story, 324 F.2d 450 (9th Cir. 1963), to contend that he need not allege a policy or custom to state a viable claim against the City under § 1983. Even setting aside that York is non-binding precedent that predates Monell by nearly 15 years, Lath's reliance is misplaced. York only addressed individual, rather than municipal, liability. See id. at 451. Thus, York has no bearing on the present analysis.

Next, Lath appears to contend that he has stated a viable claim against the City under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). This argument, too, is unavailing. In Bivens, the Supreme Court held that a plaintiff may recover damages for Fourth Amendment violations by *federal* officials. See id. at 396-97. As Lath solely alleges violations by municipal officers, Bivens plainly does not apply.

Finally, Lath argues that he has adequately stated a claim in Count 1 because New Hampshire is a notice-pleading jurisdiction, and Count 1 puts the City on notice of the claim against it. Lath is incorrect. The Federal Rules of Civil Procedure govern proceedings in federal court. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 438 (1974). As discussed supra, Lath has

failed to plead a § 1983 claim against the City under those rules.

For these reasons, the court grants the City's motion with respect to Count 1.

**B. State-law claims**

As noted, Lath also brings state-law claims against both the City and Cynthia and Michael Camp. In his First Amended Complaint, Lath invokes the court's supplemental jurisdiction under 28 U.S.C. § 1367 with respect to those claims. When, as here, all federal claims are dismissed, however, the usual course is to decline to exercise jurisdiction over the remaining state-law claims. See Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017). Indeed, the First Circuit has held that "when all federal claims have been dismissed, it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims unless doing so would serve the interests of fairness, judicial economy, convenience, and comity." Id. (internal quotation marks and citations omitted). Concluding that none of these factors weighs heavily in favor of retaining jurisdiction here, the court declines supplemental jurisdiction over the state-law claims. The court accordingly dismisses the remaining claims against the City without prejudice.

The court does not dismiss the state-law claims against the Camps at this time.  Though there is no longer a compelling reason to retain supplemental jurisdiction over those claims, Lath has alleged facts in his First Amended Complaint that, when taken at face value, establish diversity jurisdiction over the claims under 28 U.S.C. § 1332(a).  Under that statute, a court has diversity jurisdiction over a claim if there is complete diversity between the plaintiffs and the defendants and the amount in controversy exceeds $75,000.  See id. § 1332(a)(1); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005).  As Lath alleges that he resides in Manchester, New Hampshire, and that the Camps both reside in Kittery, Maine,[12] there is complete diversity between Lath and the Camps.  Additionally, in his prayer for relief Lath requests "[t]wo million dollars in compensatory, enhanced compensatory, incidental, consequential and liquidated damages for each and every cause of action[]."[13]  This exceeds the amount in controversy required for diversity jurisdiction.  In light of these assertions, and given Lath's pro se status, the court declines to dismiss his claims against the Camps at present.

---

[12] See First Amend. Compl. (doc. no. 16-1) §§ 1, 3, 4.

[13] Id. at 35 (formatting altered).

Still, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction . . . ." See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). "[A] plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (citation omitted). "Once the damages allegation is challenged, however, the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount." Id. (citation and internal quotation marks omitted). "A party may meet this burden by amending the pleadings or by submitting affidavits." Id. (citation and internal quotation marks omitted).

The court is not convinced that Lath has a good faith basis to request $2 million in damages for each of his claims against the Camps. Indeed, the court is skeptical, given the nature of those claims, that there is any way Lath will be able to recover more than $75,000 in damages from the Camps. The court accordingly directs Lath to show cause, within 30 days of the date of this Memorandum Order, that this jurisdictional minimum is met.

As noted, the First Circuit permits a party to meet its burden with respect to the jurisdictional amount by amending its pleadings or submitting affidavits. See Spielman, 251 F.3d at 5. Lath has already sought to amend his complaint twice in this court[14] and at least once in state court,[15] and the court is not inclined to permit yet another amendment. Instead, the court directs Lath to support his damages claim by affidavit. See id. Lath's supplemental filings to establish jurisdiction shall be limited to ten-double spaced pages, plus any attached affidavits. The Camps may, but are not required to, respond to Lath's supplemental filings within 15 days of the date it is submitted. No replies or surreplies will be permitted.

The parties are ordered to refrain from filing any other materials until the court determines whether it has jurisdiction over this action. The parties likewise need not respond to any

---

[14] Lath attempted to file an amended complaint once the City removed this matter to this court. See doc. no. 4. Magistrate Judge Johnstone recommended that this complaint be dismissed without prejudice, as Lath had not sought leave to file that complaint. See May 9, 2017 Report and Recommendation (doc. no. 8) at 3-4 (Johnstone, M.J.). This court adopted that recommendation, see June 1, 2017 Order (doc. no. 15), and Lath subsequently sought leave to file the First Amended Complaint currently pending, see doc. no. 16.

[15] The materials attached to the City's notice of removal indicate that Lath had already filed a First Amended Complaint in state court before this action was removed. See doc. no. 1-1.

motions or other filings that are currently pending until this issue is resolved. The court will deny or strike, as may be appropriate, any filings unrelated to this jurisdictional issue that are submitted while this issue remains pending.

**IV. Conclusion**

For the reasons set forth above, the City's motion to dismiss is GRANTED as to Count 1. As this was the only federal claim in this case, the court declines supplemental jurisdiction over Lath's pendent state-law claims. The court accordingly dismisses Lath's remaining claims against the City without prejudice. The court does not dismiss Lath's state-law claims against Cynthia and Michael Camp, however, because Lath's First Amended Complaint, when taken at face value, appears to establish diversity jurisdiction over those claims. Instead, the court directs Lath to show cause, in the manner set forth above, that the amount in controversy between he and the Camps actually exceeds $75,000.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

May 15, 2018

cc: Sanjeev Lath, pro se
Samantha Dowd Elliott, Esq.
Robert J. Meagher, Esq.
Sabin R. Maxwell, Esq.